Walden vs. Valiant.

---

## WALDEN vs. VALIANT.

1. A judgment cannot be rendered against a garnishee, on a note that was assigned to another, before the service of the garnishment.

## APPEAL from Platte Circuit Court.

ALMOND, for appellant.

1. On the 22d September, A. D. 1847, final judgment went in favor of Valiant, plaintiff, and against Victor, defendant, and there that case ended, and the only conceivable way of keeping any branch thereof alive any longer, would have been to have continued the particular branch of the case sought to be kept alive.

2. It seems from the record, and such was the fact, that from the incoming of Walden's answer up to the judgment rendered against him, the plaintiff abandoned all claim thereon.

3. And shall the plaintiff be permitted to take his final judgment against Victor, at the September term, 1847, of Platte circuit court; permit that term of court to pass and say nothing about the answer of the garnishee, not even have the case continued as against him and after he may have paid over the money to the holder of his note, and at the close of the March term, 1848, of said court, again draw the same money out of him?

4. Although our statute is silent as to the particular time at which judgment shall be rendered against a garnishee, after final judgment against a defendant, if it is not done immediately thereafter, there ought in the nature of things, to be some action taken upon the record to show the intention of the plaintiff and to appraise a garnishee of that intention: Rev. Code, p. 141 sec. 35.

WILSON & REES, for respondent.

1. There is no affidavit to authorize an appeal.

2. Walden had no right to take the appeal as he had no interest in the result and was not a party on the record. William B. Almond interplead and made the issue, claiming the money from Walden by virtue of the assignment of the note to him. Walden admitted he owed money, the contest was between Valiant and Almond.

3. Walden was summoned as garnishee, on the first day of December, and the note was assigned to Almond on the 4th of January afterwards. Valiant acquired a lien by virtue of his attachment from the date of the service of process and the assignment afterwards to Almond did not affect the right of Valiant: Evans vs. King, 7 Mo. Rep. 411.

SCOTT, J., delivered the opinion of the court.

This was an action of assumpsit, brought by Valiant against William Victor, John Hardin and Wm. Smith, in which the appellant, Walden, was summoned as a garnishee. The proceedings were discontinued as to Hardin and Smith, and a final judgment was rendered against Victor alone. At a term subsequent to the rendition of the judgment, a judgment was rendered against the garnishee, on his interrogatories filed in the cause. So much of the answer of the garnishee as raises the question in the cause, is as follows: "On or about the 25th day of November, A. D., 1846, this garnishee attended a public auction of goods, wares and merchandize, in the town of Weston, in Platte county, Missouri, which goods, wares and merchandize this garnishee understood belonged or had belonged to the said William C. Victor, and were sold by the said defendants, John R. Hardin and William Smith. This garnishee purchased at said auction, goods, wares and merchandize to the amount and value of $4 76 for which this garnishee executed and delivered to the said John R. Hardin his negotiable promissory note, payable twelve months after the date; said note being dated November 25th, 1846, and bearing interest at the rate of ten per cent. per anuum from due till paid. And this garnishee further states that on the 4th January, 1846, the said John R. Hardin transferred and assigned said promissory note to William B. Almond, and then and there delivered to said Wm.

B. Almond said note, who now holds the same as he is informed and believes."

This garnishee further states that said Hardin and Smith made the sale of said Victor's goods and chattels, as aforesaid, by virtue of and under an instrument of writing, executed by the said Victor to the said Hardin, on or about the 10th day of November, A. D., 1846, authorizing said Hardin and the defendant, William Smith, to sell and dispose of the same; to pay them their fees as his attorneys, and to pay over the residue, if any, to the wife and family of the said Victor as he is informed and believes."

"And this garnishee further states, that he is informed and believes, that said Hardin assigned said note to said Almond for services as an attorney performed by the said Almond for the said Victor, prior to said auction, under an agreement to that effect made between the said Almond and Hardin and Smith, and also another agreement between the said Hardin and Smith and Victor—both of said agreements having been made prior to said auction, and that said promissory note was paid to the said Almond for said services under the agreements before alluded to, and this garnishee, from his best information, knowledge and belief, believes that said note now legally and equitably belongs to the said William B. Almond.

There was no replication to, nor denial of the answer.

By an agreement between the parties, the correctness of the judgment below on this answer is the only point in the cause to be considered.

It is obvious that the legal title to the note was never in Victor. Hardin held it as trustee, and the inquiry is, whose equity first attached, Almond's or Valiant's? The solution of this question will depend upon the weight to be given to the answer of the garnishee.

The garnishee stands indifferent between the parties. He admits his indebtedness and it is a matter of no concern to him to whom he discharges it. Not having a personal knowledge of the fact, to whom the debt belongs, he, from information, asserts his belief, that by an agreement long anterior to the garnishment, the proceeds of the note were to be applied to the payment of a debt due William B. Almond, for whose benefit it is obvious this defence is made. The answer not being denied, and being submitted as evidence to the court, warranted a different judgment from that pronounced in the cause. The judgment should be reversed and the other judges concurring it is reversed.